**George Henry STACE et al., Appellants,**

v.

**Jesse Alvin WATSON et al., Appellees.**

**No. 19918.**

United States Court of Appeals
Fifth Circuit.

April 29, 1963.

Rehearing Denied June 15, 1963.

E. Snow Martin, Martin & Martin, Lakeland, Fla., for appellants.

Roy S. Levinson, Columbus, Ga., Wilson Sanders, Orlando, Fla., Sam Calhoun, Jr., Chatsworth, Ga., Maurice M. Paul, Monroe E. McDonald, of Sanders, McEwan, Schwarz & Mims, Orlando, Fla., for appellees.

Before TUTTLE, Chief Judge, and JONES and BELL, Circuit Judges

PER CURIAM.

Defendants appeal from a summary judgment granted to the plaintiffs in an action for damages for the death of plaintiffs' parents allegedly caused by the negligent operation of a tractor trailer driven by one of the defendants. The summary judgment was granted only on the issue of liability. The question of damages was submitted to the jury and a verdict of $36,000 was returned for the appellees.

Summary judgment was granted to the defendant on the complaint, the answer, answers to admissions which admitted the allegations of the complaint except the negligence of the defendant driver, the

deposition of the defendant driver, and affidavits of two highway patrolmen in which they gave their opinions, conclusions and experiments they made regarding how the accident occurred.

The deposition of the defendant driver discloses that he was proceeding south on a highway when he turned left off the highway into a truck stop. Before turning he looked both in front and to the rear through the rear view mirror, seeing nothing. There were dips in the highway both to the north (behind) and to the south (in front) of the truck stop into which he was turning. At the time the tractor portion of his tractor trailer had reached the east side of the pavement, the vehicle driven by plaintiffs' deceased parents rammed into the tractor at the bumper. The automobile was proceeding north on the highway. The truck driver did not see the automobile until impact.

■ The defendant driver violated no law when he turned left off the highway into the truck stop which would hold him negligent per se. Liability could only rest on defendant's negligence from cutting in front of an oncoming vehicle, which was imminently close and proceeding at a legal rate of speed.

■ Issues of negligence are ordinarily not susceptible of summary adjudication and may be granted only where the facts are not only undisputed but are such that "all reasonable men, in the exercise of a fair and impartial judgment, must draw the inference and conclusion therefrom of non-negligence." Roucher v. Traders & General Ins. Co., 5 Cir., 1956, 235 F.2d 423, 424.

■ There are present in mind a number of possibilities of how the accident occurred, but they will not be enumerated here, to warrant a jury, once all of the evidence is in, in finding that the defendant's act in turning left was consistent with due care, and that the proximate cause of the accident was not due in any degree to the negligence of the defendant. Although the affidavits of the patrolmen may have convinced the judge that the plaintiffs were free from negli-

gence and that the accident could only have happened as a result of defendant's negligence (the affidavits were unopposed by the defendants), we find that these conclusions were for the jury to determine.

The judgment of the district court granting a summary judgment to the defendant on the issue of liability, is, therefore,

Reversed.