Frances A. SHELKOFSKY, Appellant,

v.

Arthur E. BROUGHTON and Francis J. Broughton, Appellees.

No. 24875.

United States Court of Appeals Fifth Circuit.

Jan. 9, 1968.

William E. Harris, Panama City, Fla., J. Ben Watkins, James C. Truett, Truett & Watkins, Tallahassee, Fla., Davenport, Johnston, Harris & Urquhart, Panama City, Fla., for appellant.

Leo C. Jones, Jones & Jones, Panama City, Fla., for appellees.

Before BROWN, Chief Judge and GEWIN and WRIGHT,* Circuit Judges.

PER CURIAM:

On August 31, 1964, Clifford Shelkofsky and his grandson, Greg Stemm, age seven, were fishing off a 13-foot skiff powered by an 18-horsepower outboard motor in St. Andrews Bay in Bay County, Florida. Appellees' 65-foot yacht, the FRANNY BEE, proceeding at a speed variously estimated at from 8 to 10 and 25 to 30 miles per hour, passed within 35 feet of the Shelkofsky skiff en route from Pensacola to Panama City, Florida. Soon after the FRANNY BEE passed, two men fishing nearby discovered young Greg hanging on to the overturned Shelkofsky skiff. Mr. Shelkofsky had drowned. His widow filed this suit for damages in state court in Florida, alleging that the wake of the FRANNY BEE capsized the skiff and caused her husband's death. She asked for trial by jury. Defendants removed the case to the United States District Court for the Northern District of Florida, which court subsequently granted defendants' motion for summary judgment based on its own evaluation of various depositions and other evidence. We reverse for a trial by jury.

The evidence filed in connection with the summary judgment motion consisted primarily of depositions of members of the crew of the FRANNY BEE, the fishermen who found the overturned skiff, and the grandson, Greg. A study of these depositions clearly indicates that a question for the jury is presented as to the cause of Mr. Shelkofsky's death. The members of the crew of the FRANNY BEE deposed that they did not even see the skiff, while Greg testified that the FRANNY BEE passed within 35 feet. Testimony as to the speed of the FRANNY BEE in the area varied from 8 to 10 miles per hour to 25 to 30 miles per hour. Considering all of this evidence, while it might appear to the District Court "far more reasonable to conclude the swamping occurred as a result of the cranking and turning of the Shelkofsky skiff than to any actions of the 'Franny Bee,'" under the law it was the jury's function to determine from the evidence, as well as from the reasonable inferences which can be drawn therefrom, the cause of this tragic death. See Stace v. Watson, 5 Cir., 316 F.2d 715 (1963).

Although we have expressed it in terms of the case calling for a trial by a jury and have pointed out that it is the

* Of the District of Columbia Circuit, sitting by designation.

jury's function to determine the facts and draw the inferences on the cause of death, the plaintiff may yet fail in finally getting to the jury. What we said in Smoot v. State Farm Mutual Automobile Insurance Co., 5 Cir., 299 F.2d 525, 534 (1962), has significant relevance as the trial judge superintends the trial herein ordered. "As we have so frequently pointed out, this does not necessarily mean that it must go all the way to the jury. Here we have had an incomplete trial on incomplete materials. When proof in the usual and receivable form is finally offered the trial Court must then determine whether the evidence as offered—not what it is predicted to be—meets the test. Stanley v. Guy Scroggins Construction Co., 5 Cir., 1961, 297 F.2d 374; Chapman v. Hawthorne Flying Service, 5 Cir., 1961, 287 F.2d 539; Braniff v. Jackson Ave.-Gretna Ferry, Inc., 5 Cir., 1960, 280 F.2d 523; Robbins v. Milner Enterprises, Inc., 5 Cir., 1960, 278 F.2d 492." In like vein we later commented: "We do not intend to predict now what the outcome of the retrial should, or may, be. All we hold is that this evidence raises this issue" as to which summary judgment is not permissible. Duke v. Sun Oil Company, 5 Cir., 320 F.2d 853, 866 (1963). We went on to state: "It is futile to anticipate what the evidence may be on the retrial. It is almost certain to be different, and its sufficiency inevitably is a matter for initial determination by the trial Judge applying the principles here laid down but without any artificial effort to match that evidence, bit by bit, against that contained in the present record." Ibid. See also Chagas v. Berry, 5 Cir., 369 F.2d 637, 642 (1966).

It may be that the evidence determined by the trial court to be admissible will, at the end of the plaintiff's case or the defendant's case, or at the completion of all of the testimony, be insufficient to warrant submission to the jury of these critical issues. But this is to be measured at those times on the basis of the evidence actually admitted and as actually adduced. And even in such situations the judge may well conclude that it is a situation calling for submission

under reservation for later determination on judgment notwithstanding the verdict. Rule 50(b), Fed.R.Civ.P.

Reversed and remanded.