Dendy v. Watkins

MANSFIELD M. DENDY v. JAMES P. WATKINS

No. 7512SC134

(Filed 21 May 1975)

1. **Rules of Civil Procedure § 56— negligence cases — summary judgment**
    Summary judgment is appropriate in negligence cases only in exceptional circumstances.

2. **Automobiles § 62— striking pedestrian — summary judgment**
    The trial court erred in granting summary judgment for defendant in a pedestrian's action to recover for injuries sustained when he was struck by defendant's car while crossing a highway at a point which was not an intersection or crosswalk.

APPEAL by plaintiff from *Lanier, Judge.* Judgment entered 22 November 1974 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 15 April 1975.

Action to recover damages for personal injuries sustained by plaintiff which plaintiff alleges were proximately caused by negligence of defendant. Plaintiff, while crossing a street on foot, was hit by an automobile driven by defendant. Defendant denies that he was negligent and alternatively argues that plaintiff was contributorily negligent. Based upon the pleadings, a portion of the adverse examination of plaintiff, an affidavit by defendant and the investigating police officer's testimony, the trial court allowed defendant's motion for summary judgment.

According to the portion of plaintiff's adverse examination in the record, at approximately 5:00 p.m., on 6 April 1970, plaintiff prepared to cross Raeford Road, or U. S. 401, on foot at a location which was not an intersection or crosswalk. He was some thirty feet from the intersection of Raeford Road and Emerline Avenue. There were three lanes of traffic moving in one direction, median, then traffic moving in the opposite direction. Traffic in the first two lanes was backed up to Emerline Avenue. Automobiles in the third lane were backed up to within a couple of car lengths of where plaintiff crossed. Plaintiff observed no oncoming traffic when he began to cross the road. He crossed the first two lanes between the stopped cars. Before attempting to cross the third lane he looked to the left and saw no oncoming cars. The traffic light was red. He looked again and began walking across the third lane to the median. When plaintiff was one step, or three or four feet, from the median the traffic light changed from red to green. He looked to the left

again and then heard a car turning a corner. He could hear the effect of pressure on the tires. When he first saw defendant's car it was approximately fifteen feet from him and defendant was applying the brakes. The car had not come from straight down Raeford Road. The right front fender of defendant's car struck plaintiff's left leg.

In the affidavit submitted to the court, defendant said that he was proceeding down Raeford Road in the left lane, i.e., the lane next to the median, or the third lane which plaintiff was to cross. Defendant was driving at a speed of about thirty miles per hour in a forty mile per hour speed zone. It was about 4:45 p.m., the weather was fair, and the lighting conditions were good. The traffic light at the Fairfield-Raeford Road intersection was in the process of changing from red to green. Traffic in the middle and right lanes, i.e., the first two lanes, was backed up past the Emerline Avenue-Raeford Road intersection. There was no traffic ahead of defendant in the left lane. After defendant had travelled some one hundred feet beyond the Emerline-Raeford intersection, traffic in the two lanes to the right of defendant began moving. Plaintiff suddenly darted in front of an automobile which was moving in the center lane of traffic and was a short distance away from the right front of defendant's automobile. Defendant slammed on brakes and turned his vehicle to the left toward the median, but was unable to avoid striking plaintiff with the right front fender of his automobile.

Officer J. B. De Vane of the Fayetteville Police Department, the investigating officer at the scene of the accident, testified that skid marks made by defendant's car totalled forty-two feet, thirty-nine feet before the point of impact and three feet after the area where the impact occurred.

*Doran J. Berry, for plaintiff appellant.*

*Nance, Collier, Singleton, Kirkman & Herndon, by Rudolph G. Singleton, Jr., for defendant appellee.*

VAUGHN, Judge.

The only question on appeal is whether defendant's motion for summary judgment should have been granted by the trial court. Summary judgment is granted only where the moving party shows that there is no genuine issue of material fact and that he is entitled to a judgment as a matter of law. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823.

Dendy v. Watkins

[1] Summary judgment is appropriate in negligence cases only in exceptional circumstances. In *Page v. Sloan,* 281 N.C. 697, 706, 190 S.E. 2d 189, 194, the Supreme Court wrote:

> "While our Rule 56, like its federal counterpart, is available in all types of litigation to both plaintiff and defendant, 'we start with the general proposition that issues of negligence . . . are ordinarily not susceptible of summary adjudication either for or against the claimant, but should be resolved by trial in the ordinary manner.' 6 Moore's Federal Practice (2d ed. 1971) § 56.17[42] at 2583; 3 Barron and Holtzoff, Federal Practice and Procedure (Wright ed. 1958) § 1232.1, at 106. It is only in exceptional negligence cases that summary judgment is appropriate. *Rogers v. Peabody Coal Co.,* 342 F. 2d 749 (C.A. 6th 1965); *Stace v. Watson,* 316 F. 2d 715 (C.A. 5th 1963). This is so because the rule of the prudent man (or other applicable standard of care) must be applied, and ordinarily the jury should apply it under appropriate instructions from the court. Gordon, The New Summary Judgment Rule in North Carolina, 5 Wake Forest Intra. L. Rev. 87 (1969).
>
> Moreover, the movant is held by most courts to a strict standard in all cases; and 'all inferences of fact from the proofs proffered at the hearing must be drawn against the movant and in favor of the party opposing the motion.' 6 Moore's Federal Practice (2d ed. 1971); § 56.15[3], at 2337; *United States v. Diebold, Inc.,* 369 U.S. 654, 8 L.Ed. 2d 176, 82 S.Ct. 993 (1962)."

[2] We hold that this case is not one of those exceptional negligence cases in which the judge, solely on the basis of the materials before him, could properly grant summary judgment. The judgment is reversed and the case is remanded.

Reversed and remanded.

Judges MORRIS and CLARK concur.