[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 9, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12140
Non-Argument Calendar

_____

D.C. Docket No. 04-01928-CV-CC-1

TABITHA A. JONES,
ALLISON JONES, JR., et al.,

Plaintiffs-Appellants,

versus

CITY OF ATLANTA,
MARILYN T. STONE,
OFFICER CHARLES E. FRYE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 9, 2006)**

Before TJOFLAT, MARCUS and COX, Circuit Judges.

PER CURIAM:

The Estate of Allison Jones, Tabitha Jones, and Allison Jones's five children (collectively, "the Joneses") sued the City of Atlanta and City of Atlanta police officers Marilyn T. Stone and Charles E. Frye, in their official and individual capacities. The Joneses assert claims pursuant to 42 U.S.C. § 1983 for use of excessive force in violation of Jones's federal constitutional rights and for state torts arising out of the same use of force. The district court granted all Defendants summary judgment on the federal claims and declined to exercise jurisdiction over the pendent state law claims. As to the § 1983 claim against the officers in their individual capacities, we reverse. As to the § 1983 claims against the City of Atlanta and the officers in their official capacities, we affirm. We vacate the dismissal of the state law claims to enable the district court to reconsider the question of whether to exercise jurisdiction over the state law claims.

## I. FACTUAL & PROCEDURAL HISTORY

The undisputed facts are these. On July 2, 2002, at approximately 10:45 a.m., Officers Stone and Frye were returning from their lunch break. They were in their police vehicle, stopped at a red light at Harrison Road and Virginia Avenue. They were outside the City of Atlanta police jurisdiction but had radioed that they were returning to service.

2

Officers Stone and Frye observed a white Lincoln Navigator traveling at a high rate of speed, eastbound in the westbound lane of Virginia Avenue, passing the officers' vehicle, running the red light, and attempting to turn right to enter I-85. However, because the Navigator was traveling at such a high rate of speed, it was unable to make the turn onto the I-85 entrance ramp and instead crossed over the traffic island, crashed into the guard rail, and came to a stop. Officers Stone and Frye, knowing that they were outside of their own police jurisdiction, proceeded to the scene of the accident and radioed Communications asking for another police jurisdiction. When they arrived at the accident scene, Officer Stone parked the police vehicle behind the Navigator. The officers then exited the police vehicle and approached the Navigator, which had been driven by Allison Jones. Officer Frye drew his weapon. The officers ordered Jones to exit the vehicle. Jones did not exit the vehicle, and the officers fired their weapons into the vehicle. Two of the shots hit Jones; one was fatal.

The facts of the interaction between the officers and Jones are disputed. The officers maintain that Jones acknowledged the officers' commands to exit his vehicle but refused to do so. The officers and some eye witnesses say that Jones attempted to run over the officers with the Navigator, first by backing over them then (after turning the vehicle) by hitting them with the front of the vehicle. And, the officers

3

contend that they fired in self defense, attempting to stop Jones from using the moving vehicle to cause them great bodily harm. The Plaintiffs contend that the officers were not in danger of bodily harm and that Jones moved the vehicle to escape the officers' gunfire, contentions that are supported by several eye witnesses' statements that the officers shot into the vehicle before Jones moved it from the accident site.

The Joneses sued Officers Stone and Frye, in both their individual and official capacities, and the City of Atlanta for violation of Jones's federal constitutional rights and torts arising under state law. The district court granted all the Defendants summary judgment on the federal claims, holding that: (1) no constitutional violation had occurred because the officers acted reasonably in self defense; (2) the suit against the officers in their individual capacities is barred by qualified immunity; and (3) the City of Atlanta was not liable for the officers' conduct. The Joneses appeal.

## II. ISSUES ON APPEAL & CONTENTIONS OF THE PARTIES

The Joneses argue that the district court erred by finding that there was no disputed material issue of fact regarding the reasonableness of the officers' actions in firing on the Navigator. In support of this argument, they cite statements of several witnesses who say they saw the officers fire into the vehicle before the vehicle moved in the officers' direction. The Joneses also argue that, because the incident occurred

outside of the City of Atlanta police jurisdiction, the officers are not entitled to qualified immunity. Finally, they contend that the City of Atlanta is liable for the actions of the officers because it condoned their actions.

Defendants argue that the district court did not err in granting summary judgment because, as a matter of law, the officers acted reasonably when they shot into the vehicle in self defense. Therefore, they reason, the officers did not violate Jones's constitutional rights, and neither the officers nor the City of Atlanta can be liable to the Joneses. The individual Defendants also argue that, even if the officers violated Jones's constitutional rights, they are immune from suit in their individual capacities pursuant to the doctrine of qualified immunity.

## III. STANDARD OF REVIEW

We review de novo a grant of summary judgment, construing all facts and making all reasonable inferences in the light most favorable to the non-moving party. *See Kesinger ex rel. Estate of Kesinger v. Herrington*, 381 F.3d 1243, 1247 (11th Cir. 2004) (citing *Cottrell v. Caldwell*, 85 F.3d 1480, 1486 (11th Cir. 1996)).

## IV. DISCUSSION

### A. Constitutional Violation

Before deciding whether Officers Frye and Stone are entitled to qualified immunity for their alleged violation of Jones's constitutional rights, we must

5

determine whether there is an issue of fact as to whether any such violation occurred. In other words, we ask, "'[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?'" *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (quoting *Saucier v. Katz*, 533 U.S. 194, 121 S. Ct. 2151, 2156 (2001)). Only if a constitutional right would have been violated under the plaintiff's version of the facts, must a court proceed with the qualified immunity analysis. *Id.*

Officers Frye and Stone maintain that they shot Jones in self defense. They say, and some eye witnesses agree, that Jones used his vehicle as a deadly weapon when he drove it directly at the officers, with the intention of hitting them. Officers Frye and Stone maintain that they did not fire on Jones's vehicle until he tried to run over them. A reasonable jury could believe them. But, the court's obligation at this stage of the proceedings is to view all of the evidence in the light most favorable to the Plaintiffs. The complaint alleges that Officers Frye and Stone shot Jones without any provocation. (R.1-1 ¶¶ 12-14.) And, at least some witnesses support the Plaintiffs' allegations. Witnesses Hayat, Penn, T. Jacobs, and E. Jacobs gave statements to police that they had observed Officers Stone and Frye firing their weapons at Jones's vehicle before the vehicle moved from the initial accident site. *See* R.1-24 at 20-1-3 through 20-3-3 (Hayat); *id.* at 10-1-1 & 37-5-34 (Penn); *id.* at

6

37-6-34 through 37-7-34 (T. Jacobs); *id.* at 16-1-1 (E. Jacobs). A reasonable jury could also believe them.

Firing on a stationary vehicle containing an accident victim who was neither threatening the officers with harm nor a suspect in a crime (other than possible misdemeanor traffic violations) is an excessive use of force and a violation of a victim's right to be free from unreasonable seizure. *See Vaughan v. Cox*, 343 F.3d 1323, 1329 (11th Cir. 2003) (finding that shooting into vehicle moving at high speed would be an unreasonable use of force violating the Fourth Amendment rights of a victim harmed by the shooting if the use of the vehicle did not present an immediate threat of serious harm at the time the officer fired, or if the use of deadly force was not necessary to prevent escape of a suspected felon, or if it were feasible for officers to warn of their intention to use deadly force before firing). On the other hand, courts have recognized that "it is constitutionally permissible for an officer to use deadly force when 'the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others.'" *Carr v. Tatangelo*, 338 F.3d 1259, 1268 (11th Cir. 2003) (quoting *Tennessee v. Garner*, 471 U.S. 1, 11, 105 S. Ct. 1694, 1701 (1985)) (other citations omitted). If Officers Frye and Stone were acting in self defense, in an attempt to avoid the harm of a driver intent on running over them with his vehicle, the force used was not unreasonable and did not violate

7

Jones's constitutional rights. *See Pace v. Capobianco*, 283 F.3d 1275, 1282 (11th Cir. 2002) (shooting victim had used an automobile so as to give reasonable policemen probable cause to believe that it had become a deadly weapon with which he was armed).

Therefore, a genuine issue of material fact exists as to whether the officers violated Jones's Fourth Amendment rights. Because there is a factual dispute as to whether the officers acted in self defense, summary judgment on the Fourth Amendment claim was improper.

## B.  Qualified Immunity

Ordinarily, "[q]ualified immunity offers 'complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known.' The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation." *Lee*, 284 F.3d at 1194 (quoting *Thomas v. Roberts*, 261 F.3d 1160, 1170 (11th Cir. 2001)) (additional quotations omitted). However, "[i]n order to receive qualified immunity, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. If the defendant was not acting within his discretionary authority, he is ineligible for the

8

benefit of qualified immunity." *Id.* (internal quotations and citations omitted). "A government official acts within her discretionary authority if the actions were (1) undertaken pursuant to the performance of [her] duties and (2) within the scope of [her] authority." *Lenz v. Winburn*, 51 F.3d 1540, 1545 (11th Cir. 1995) (internal quotations omitted).

In this case, Officers Stone and Frye have not proven that they were acting within the scope of their discretionary authority when they interacted with Jones. The officers do not dispute that they were outside of their police jurisdiction when they allegedly violated Jones's constitutional rights. And, they have presented nothing to support a finding that their interaction with Jones was undertaken in performance of their official duties. While they suggest, in a footnote in their appellate brief, that Georgia law authorizes police officers to arrest those committing crimes in their presence even if the crime is committed outside of the officers' police jurisdiction, Officers Stone and Frye did not contend in the district court nor on appeal that they were arresting Jones. Instead, they have maintained that they intended to render him aid. And, Dr. Richard Clark, the City of Atlanta Police Department's head of Planning and Research, testified that, in such circumstances, City of Atlanta police officers have only the same authority as an ordinary citizen when they are outside the territorial jurisdiction of the City of Atlanta. (R.2-36 at 50.) Thus, Officers Stone and

9

Frye are not entitled to summary judgment grounded upon qualified immunity for their actions during the interaction with Jones. *See Lenz*, 51 F.3d at 1547 (holding that guardian ad litem who acted outside the scope of her authority was not entitled to qualified immunity).

## C. City of Atlanta Liability

We have recognized that "[f]or liability purposes, a suit against a public official in his official capacity is considered a suit against the local governmental entity he represents." *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1210 n.3 (11th Cir. 1993). Therefore, the Joneses' claims against Officers Stone and Frye in their official capacities are claims against the City of Atlanta.

The district court held that the City of Atlanta could not be liable to the Joneses because no constitutional violation occurred. As stated above, the existence of a constitutional violation is a jury question. But, we affirm the district court's grant of summary judgment on the § 1983 claims against the City of Atlanta on another basis.

A local government is liable to a § 1983 plaintiff for actions of the government's agents when a constitutional injury was inflicted in execution of the government's policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037 (1978). Here, the Joneses assert that the City of Atlanta has informally adopted a policy condoning the use of deadly force (including firing of

10

weapons at vehicles) in all situations, including those in which the use of weapons is clearly unlawful. Appellants' Opening Brief at 33. But the Joneses cite no record evidence in support of this assertion. Therefore, they cannot maintain their § 1983 claims against the City of Atlanta. The City of Atlanta was due summary judgment.

## D.  State Law Claims

The district court declined to exercise jurisdiction over the Joneses' state law claims because it had disposed of all the claims over which it had original jurisdiction on summary judgment. *See* 28 U.S.C. § 1367(c). Because we reverse the grant of summary judgment as to the § 1983 claims against Officers Stone and Frye in their individual capacities, we also vacate dismissal of the state law claims and instruct the district court to reconsider the question of whether to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the Joneses' state law claims.

**AFFIRMED IN PART; REVERSED IN PART; VACATED IN PART; AND REMANDED**.